## AMOS *et al.* v. CAUDILL.

No. 3642.   Opinion Filed July 14, 1914.

(141 Pac. 1116.)

**APPEAL AND ERROR** — Presentation for Review—Briefs—Reversal.
Where plaintiffs in error file brief and defendant in error fails
to file one, and the contentions of plaintiffs in error appear to
be fairly supported by the law and by the record, under the
rule of this court, such contentions will be sustained and in
proper cases the judgment will be reversed and the cause re-
manded.

(Syllabus by Harrison, C.)

*Error from County Court, Tillman County;*
*T. E. Campbell, Judge.*

Action by Wm. M. Caudill against P. B. Amos and E. L.
Crooks for commissions on the sale of land.   Judgment for
plaintiff, and defendants bring error.   Reversed and remanded.

*Mounts & Davis,* for plaintiffs in error.

Opinion by HARRISON, C.   This action was begun by
Wm. M. Caudill against Amos & Crooks, a real estate firm, to
recover commissions claimed to be due from such firm on the
sale of a tract of land to one Weaver.   The undisputed facts
are that one D. H. Weaver, a Missourian, visited Oklahoma on
a prospecting tour with the probable intention of purchasing
real estate; that he met the plaintiff below, Wm. M. Caudill,
on the train; that Caudill, learning of Weaver's intention and
being under some kind of an agreement or contract with Amos
& Crooks, carried him to Amos & Crooks' office and introduced
him to the firm.   Whereupon some negotiations were discussed
as to the purchase of a certain tract of land.   However, Weaver
declined to buy the tract in question.   Nothing was said, so far
as the record discloses, about any other tract of land at the
time, and Weaver abandoned all negotiations as to the purchase
of the tract in question, and returned to Missouri, as he stated,
with no intention of returning to Oklahoma.   Some months

later, however, he concluded to re-visit Oklahoma, and visited Tillman county for the purpose of looking over the country with the probable intention of purchasing some land, and re-visited the office of Amos & Crooks, and before his return to Missouri purchased the tract of land through Amos & Crooks, but from a different party and a different tract of land from that concerning which they were negotiating on the first visit when Caudill had introduced Weaver to Amos & Crooks. Caudill had no part in bringing the parties together in the last transaction, nor anything whatever to do with effecting the sale, but when the sale was made Caudill sued Amos & Crooks for his share of the commission. At the trial of the cause Amos & Crooks defended on the theory that no sale was made through the instrumentality of Caudill, and that all negotiations as to the sale of land which were brought about through the introduction of Weaver to Amos & Crooks by Caudill were wholly abandoned, and that Weaver returned to Missouri after abandoning all idea of purchasing land in Oklahoma or of returning to Oklahoma, and that the sale which was brought about on Weaver's second visit to Oklahoma was a wholly separate and distinct transaction between Amos and Weaver for a different tract of land and from a different party, and that Caudill had nothing whatever to do with bringing about the transaction. The cause was tried and a verdict returned in favor of plaintiff for the commissions claimed, and from the judgment upon such verdict the cause is appealed here, upon the principal ground that the court refused to instruct the jury on the theory that the contract which Caudill was instrumental in bringing about had been abandoned, and that all intentions of renewing the negotiations or of continuing same were abandoned by Weaver when he returned to Missouri, and that the sale which was made upon his second visit was wholly separate and distinct from the first one, and that Caudill had nothing to do with making it or bringing it about, and was therefore not entitled to any commission.

This case-made was filed here February 29, 1912. Plaintiffs in error filed brief September 2, 1912. No briefs have been

filed or appearance made by defendant in error. As the contentions urged in plaintiffs in error's brief appear to be reasonably well supported both by the record and by the law, following the rule of this court in such cases, the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.